Filed 5/12/15  P. v. McKinley CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B257516 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA120046) |
| v. | |
| NATHANIEL MCKINLEY, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Thomas I. McKnew, Jr., Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

This appeal is from the resentencing hearing held May 22, 2014, following a partial reversal and remand from this court with directions to the superior court to hold a new sentencing hearing. (*People v. McKinley* (Nov. 22, 2013, B243916) [nonpub. opn.].)

Defendant and appellant Nathaniel McKinley was convicted by jury of one count of first degree burglary. (Pen. Code, § 459.)[1] In a bifurcated proceeding, defendant waived trial on the special allegations he had suffered three prior convictions that qualified as strikes under the "Three Strikes" law (§ 667, subds. (b)-(i), § 1170.12, subds. (a)-(d)), and also qualified as serious felonies and prior prison terms under section 667, subdivision (a)(1), and section 667.5, subdivision (b), respectively. Defendant admitted the truth of the three prior felony conviction allegations, and also filed a motion requesting the court to strike two of the qualifying strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

In the original sentencing proceedings held in July 2012, the trial court exercised its discretion pursuant to section 1385 to strike two of the prior strikes, and sentenced defendant as a second-strike offender. Defendant was sentenced to an aggregate state prison term of 17 years, calculated as follows. The court imposed the high term of six years on the burglary count, doubled to 12 years due to the strike. The court identified, on the record, the aggravating factors supporting its decision to impose the upper term. The court then added one consecutive five-year term pursuant to section 667, subdivision (a)(1), explaining it had discretion to strike the other two 5-year enhancements. The court struck the special allegation concerning the one-year prison term priors, imposed various fines and fees, and awarded total presentence custody credits of 501 days.

The People timely appealed from the July 31, 2012 sentencing order. Defendant obtained leave from this court to file a late notice of cross-appeal from the sentencing order. No challenge to the underlying judgment of conviction was made.

---

[1] All further undesignated section references are to the Penal Code.

In the first appeal, the People argued the court had no discretion to refrain from imposing consecutive five-year terms for all three of the prior convictions which qualified as serious felonies under section 667, subdivision (a)(1).

We concluded the trial court was without discretion to strike any prior serious felony convictions under section 667, subdivision (a)(1). (*People v. McKinley*, *supra*, B243916, pp. 5-6.) We further concluded defendant's knowing and voluntary admission at the sentencing hearing, made with the assistance of counsel, was sufficient to establish the prior convictions were qualifying felonies. (*Id*. at pp. 6-10.) We remanded to the trial court and ordered that a new sentencing hearing be held. (*Id*. at p. 11.)

The remittitur issued March 20, 2014, and the new sentencing hearing was held May 22, 2014. The court, after hearing the argument of counsel, imposed sentence. The court imposed the same sentence as originally imposed, with the exception that it imposed a five-year enhancement pursuant to section 667, subdivision (a)(1) for all three of the qualifying prior convictions. Defendant was therefore sentenced to a total state prison term of 27 years.

Defendant timely appealed from the modified judgment of conviction entered following the resentencing hearing. We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days.

On December 18, 2014, defendant submitted a handwritten letter, originally docketed as a supplemental brief. However, it was subsequently determined the letter from defendant was a request for an extension of time, due in part to an alleged failure to have been provided copies of the trial transcript.

On March 2, 2015, this court granted defendant a 30-day extension of time within which to file his supplemental brief. On March 27, 2015, defendant requested a further extension of time to file a supplemental brief because he did not have his entire jury trial

transcripts. On April 1, 2015, this court denied defendant's request for a further extension of time.

Defendant did not submit a timely supplemental brief. On May 4, 2015, this court received defendant's "motion to continue his appeal process" requesting leave to file a supplemental brief. Defendant also submitted a supplemental brief dated April 29, 2015. This court granted defendant's request to file the late brief which was deemed submitted as of May 5, 2015.

The declaration of defendant's appointed counsel states under penalty of perjury that copies of the one volume clerk's transcript and the one volume reporter's transcript were provided to defendant. Our jurisdiction for this appeal is narrow and consists only of review of the resentencing hearing held in May 2014. The jury trial transcripts from the underlying trial are not germane. The 10 points listed by defendant in his supplemental brief identify issues related only to the underlying trial such as "instructions on lesser included offenses." Defendant does not raise any issue pertaining to the resentencing hearing which is the subject of this appeal.

We have examined the record relevant to this appeal and are satisfied that appointed counsel fully complied with his responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra,* 25 Cal.3d 436.)

## DISPOSITION

The modified judgment of conviction entered May 22, 2014, is affirmed.


GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.



FLIER, J.

4